**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-12890

Non-Argument Calendar

————————————

JOSEPH DEAN,
  a Tampa resident,

                                                            *Plaintiff-Appellant,*

*versus*

ROKU INC.,
  a Delaware corporation headquartered
  in San Jose, California,

                                                            *Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-02383-WFJ-TGW

————————————

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court                    25-12890

Joseph Dean, proceeding pro se, sued Roku, Inc., for antitrust violations. Roku moved to dismiss Dean's second amended complaint with prejudice, and Dean moved to file a third amended complaint. The District Court granted Roku's motion and denied Dean's. We vacate and remand with instructions.

## I.

Roku develops and sells smart TVs and smart TV software. Dean is the founder and CEO of Veamcast, a Florida corporation that makes various software applications, including an application for Roku TVs. Veamcast's application is a "video/voice/photo/link publishing and sharing service," and it relies heavily on Roku's proprietary Application Programming Interface ("API"), specifically its External Control Protocol ("ECP") commands, for various functions, such as linking to other applications and communicating with Roku devices. Roku recently blocked API and ECP access for third-party applications, such as Veamcast's. This impaired the ability of Veamcast's application to function but left Roku's own applications unscathed.

Roku also modified its user interface to feature Roku content more prominently. For example, Roku advertises only Roku content on the screensavers of its TVs, and its TVs automatically load "The Roku Channel" when they are turned on. Finally, Roku launched its own application that allows "users to cast photos from their smartphones to their Roku devices," something Veamcast's application also allows users to do.

In response to Roku's actions, Dean, a non-lawyer, filed a pro se lawsuit in Veamcast's name against Roku, alleging antitrust violations. He claimed that Roku's actions violated Section 2 of the Sherman Antitrust Act[1] by creating a monopoly and Section 3 of the Clayton Antitrust Act[2] as exclusive dealing arrangements that substantially lessen competition. The District Court dismissed the complaint because corporations must be represented by counsel in litigation. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Unable to find representation for Veamcast, Dean filed another pro se action against Roku, this time in his own name, alleging identical violations[3] with slightly more detail. He asserted that blocking API and ECP access and updating the user interface were "tactic[s] to obtain a monopoly and block competitors" and "effectively create[d] exclusive dealing arrangements." He claimed the following injuries: foreclosure from the market, wasted development costs, lost revenue, depreciated asset value, and lost market share and business opportunities.

---

[1] Section 2 of the Sherman Antitrust Act is codified at 15 U.S.C. § 2.

[2] Section 3 of the Clayton Antitrust Act is codified at 15 U.S.C. § 14.

[3] Dean also brought a claim under 15 U.S.C. § 45(a) but later dropped it. Indeed, § 45(a) empowers the Federal Trade Commission, not private entities, to prevent persons, partnerships, and corporations from engaging in "[u]nfair methods of competition . . . and unfair or deceptive acts or practices in or affecting commerce."

Dean amended his complaint twice, and each amendment was met with a motion to dismiss with prejudice from Roku. The District Court ultimately granted Roku's motion to dismiss the second amended complaint with prejudice, explaining that Dean lacked antitrust standing and failed to state a claim.[4] The Court also denied Dean's motion to file a third amended complaint, explaining that amendment would be futile.

Dean timely appeals.

## II.

We review de novo a district court's dismissal for lack of antitrust standing and its dismissal for failure to state a claim. *Palmyra Park Hosp. Inc. v. Phoebe Putney Mem'l Hosp.*, 604 F.3d 1291, 1298 (11th Cir. 2010); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We review a district court's denial of leave to amend for abuse of discretion. *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1249 (11th Cir. 2015).

A plaintiff must have both Article III[5] and antitrust standing to bring suit in federal court for antitrust claims. *Palmyra Park Hosp.*

---

[4] The Court did not explicitly state that the dismissal was with prejudice. However, it granted Roku's motion, which was to dismiss with prejudice. Further, dismissal for failure to state a claim is presumed to be a dismissal with prejudice unless stated otherwise. Fed. R. Civ. P. 41(b).

[5] The parties did not discuss whether Dean had Article III standing for this suit, but we are obligated to inquire into it whenever it may be lacking. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Lujan*, 504 U.S. at 560–61, 112 S. Ct. at 2136.

*Inc. v. Phoebe Putney Mem'l Hosp.*, 604 F.3d 1291, 1299 (11th Cir. 2010). To establish Article III standing, the plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1262 (11th Cir. 2019). An injury in fact is "an invasion of a legally protected interest which is . . . concrete and particularized and . . . actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992) (citation modified). A particularized injury is one that "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n.1, 112 S. Ct. at 2136 n.1.

Dean failed to allege such injury here. He and Veamcast, a corporation, are separate legal entities, and their injuries are not interchangeable. *See Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008) ("A general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them."). Though a shareholder "may suffer indirect or secondary financial injury" from injuries to his corporation, *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 608 (11th Cir. 1984), he does not suffer the corporation's injuries himself.[6] And he cannot pretend he does. Indeed, "[o]ne who has created a corporate arrangement, chosen as a means of

---

[6] For example, though a shareholder may receive lower dividends when his corporation loses market share, he himself does not lose market share.

carrying out his business purposes, does not have the choice of disregarding the corporate entity" whenever he so pleases. *Schenley Distillers Corp. v. United States*, 326 U.S. 432, 437, 66 S. Ct. 247, 249 (1946). That would destroy the concept of a corporation and breed chaos into the courts.

The injuries Dean alleged centered on the impact of Roku's actions on the Veamcast application. In other words, the injuries Dean claimed were, in fact, Veamcast's. Dean is simply not "among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734–35, 92 S. Ct. 1361, 1366 (1972). He lacks Article III standing to bring this suit. Dismissal for lack of subject matter jurisdiction is appropriate.

Further, because Dean cannot change the fact that he is not Veamcast, denial of his motion to amend as futile on standing grounds was proper. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (citation modified)).

⋆      ⋆      ⋆

We would be remiss if we did not comment on the sanctionable nature of Dean's conduct. By signing and filing his second

amended complaint, Dean certified that his claims were "warranted by existing law."[7] Fed. R. Civ. P. 11(b)(2). As explained above, Dean's claims were clearly not so warranted.

Further, Dean knew the effect of Veamcast's corporate status; he originally sued in Veamcast's name, noted Veamcast's corporate status in the first complaint he filed in the instant case, and conveniently removed the designation in both amendments. In his second amended complaint, Dean even alleged simply that he made Roku applications "under the name 'Veamcast.'" Dean's conduct wasted time, clogged up our courts, and made a mockery of our system.

## III.

The District Court was correct to dismiss Dean's complaint for lack of subject matter jurisdiction and to deny his motion to amend as futile on standing grounds. However, the Court was wrong for considering whether Dean failed to state a claim and for dismissing Dean's complaint with prejudice. *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) (explaining that where there is no jurisdiction to hear the case, the court's only function is to "accounc[e] th[at] fact and dismiss[] the cause"); *See Stalley ex rel U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("[A] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."). We vacate the

---

[7] He made no argument that his claims were warranted "by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

8                          Opinion of the Court                    25-12890

District Court's order with instructions to dismiss and deny consistent with this opinion.[8]

**VACATED AND REMANDED.**

---

[8] Dean also argues that the District Court improperly struck the appendix from his second amended complaint, which he states contained support and evidence for his claims. Because we decide this case on standing grounds, we need not consider that argument.